

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2006

# Ruiz v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ruiz v. Comm Social Security" (2006). *2006 Decisions*. Paper 832.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/832

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────

No. 05-3784

───────

ROBERTO RUIZ,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

───────

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 02-cv-03575
District Judge: The Honorable Dennis M. Cavanaugh

───────

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2006

───────

Before: BARRY, VAN ANTWERPEN and SILER,[*] Circuit Judges

───────

(Opinion Filed: June 27, 2006)

───────

OPINION

───────

─────────────

[*] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

BARRY, Circuit Judge

Roberto Ruiz applied for Social Security disability benefits in 1999. He suffered from conditions including a disc bulge, hypertrophic changes, and blindness in one eye. After several rounds of proceedings and internal appeals, the Appeals Council of the Social Security Administration (the "agency") upheld a decision of an Administrative Law Judge ("ALJ") that these conditions did not render Ruiz disabled. Ruiz filed suit in the United States District Court for the District of New Jersey on July 25, 2002, claiming that the decision was not supported by substantial evidence. The District Court affirmed in an order entered on April 27, 2004. Ruiz appealed. While the case was pending before us, on July 29, 2004, a different ALJ awarded Ruiz full disability benefits based on a finding of mental retardation. Because this finding affected Ruiz's eligibility for benefits retroactively, he and the government submitted a joint motion to us

> for an Order remanding the within cause of action to the district court, for the purpose of remanding the case to the Appellee pursuant to sentence four (4) of 42 U.S.C. § 405(g), for the purpose of issuing a fully favorable decision pursuant to the attached form of order.

We granted that motion on November 16, 2004. The District Court remanded the case to the agency on June 15, 2005.

Ruiz filed an application in the District Court on December 1, 2004, pursuant to the Equal Access to Justice Act ("EAJA"). Under the EAJA, the "prevailing party" in a civil action against the United States is entitled to an award of attorney's fees and other costs, "unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government replied that Ruiz's motion was premature, that the agency's position had been substantially justified, and that special circumstances existed because Ruiz's entitlement to benefits was not connected to the agency's decision in the case at bar.

Instead of addressing these arguments, the District Court *sua sponte* asked whether Ruiz was a "prevailing party." In <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991), the Supreme Court identified two forms of remand from a district court to the agency. The first, pursuant to the fourth sentence of 42 U.S.C. § 405(g), consists of "a judgment affirming, modifying, or reversing the decision of the [agency], with or without remanding the cause for a rehearing." The second, pursuant to the sixth sentence of § 405(g), consists of a remand for the taking of new material evidence when "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." While these forms of remand under § 405(g) differ in when they become final, both may lead to an award of EAJA fees. <u>Melkonyan</u>, 501 U.S. at 102. A district court may also enter a voluntary dismissal on the stipulation of the parties pursuant to Federal Rule of Civil Procedure 41(a), in which case no EAJA fee award is appropriate, as there is no prevailing party. <u>Melkonyan</u>, 501 U.S. at 102-03. The District Court here concluded that our Order should be "construed as a voluntary dismissal under Fed.R.Civ.P. 41(a)" and

3

denied attorney's fees on that basis on June 28, 2005.  Ruiz appealed.[1]

The motion we granted by order dated November 16, 2004 specified unambiguously that the remand was "for the purpose of remanding the case to the Appellee *pursuant to sentence four (4) of 42 U.S.C. § 405(g).*"  (emphasis added) Accordingly, this was *not* a voluntary dismissal under Rule 41(a), and Ruiz was thus a "prevailing party" for purposes of EAJA fees.  See <u>Melkonyan</u>, 501 U.S. at 103.  The District Court should not have "construed" our order granting a motion that was clear on its face.

We will reverse the judgment of the District Court and remand so that it may consider whether the agency's litigation position was substantially justified or whether special circumstances would make an award of fees unjust.

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  We review *do novo* any legal determinations underlying an award or denial of fees.  <u>Kiareldeen v. Ashcroft</u>, 273 F.3d 542, 545 (3d Cir. 2001).